```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MAHADEO HARINARINE,
                                          NOT FOR PUBLICATION
                    Plaintiff,
                                          MEMORANDUM AND ORDER
        -against-
                                          13-CV-3141 (KAM)
NATIONAL VISA CENTER and HOMELAND
SECURITY,

                    Defendants.
----------------------------------x
```
**MATSUMOTO, United States District Judge**:

On May 30, 2013, *pro se* plaintiff Mahadeo Harinarine ("plaintiff") filed this action alleging that the United States Embassy in Georgetown, Guyana (the "Embassy") improperly denied his wife's application for a permanent resident visa to enter the United States. (*See* ECF No. 1, Complaint dated 5/30/13 ("Compl.").) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, however, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On October 17, 2011, plaintiff's wife filed an application for a permanent resident visa to live in the United States. (*Id.* at 1.) This visa application was ultimately denied on July 3, 2012, during a consular interview at the Embassy. (*Id.*) Plaintiff alleges that, during the interview, the consular officer "never asked . . . any questions but gave

[plaintiff's wife] a document to sign and said the visa is denied and all documents will be returned to [the National Visa Center] for review." (*Id.*) Plaintiff alleges that the consular officer denied his wife's visa application "because . . . her previous marriage . . . was fake." (*Id.*) Plaintiff therefore seeks "a jury trial pertaining to . . . [the] denial of [his wife's] permanent resident visa." (*Id.*) Furthermore, plaintiff requests the court to grant his wife a permanent resident visa "so that [they] can live happily together in the U.S.A."[1] (*Id.*)

## STANDARD OF REVIEW

In reviewing plaintiff's Complaint, the court is mindful that "[a] document filed *pro se* is 'to be liberally construed'" and that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, pursuant to 28 U.S.C. § 1915, the court must dismiss an *in forma pauperis* complaint if the court

---

[1] Although plaintiff also requests the court to grant his wife's visa "waiver application," (Compl. at 1), the court does not appear to have any authority to grant visa waivers under the applicable statutory and regulatory scheme set forth by Congress under the Immigration and Nationality Act, *see* 8 U.S.C. §§ 1182, 1187. Even if the court had authority to grant a visa waiver to plaintiff's wife, plaintiff fails to explain the nature or content of his wife's waiver application in his Complaint. (Compl. at 1.) In the absence of such an explanation, the court would decline to grant plaintiff's requested relief.

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Moreover, courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Banks-Gervais v. Medicare Contractor*, No. 12-CV-6339, 2013 WL 1694870, at *2 (E.D.N.Y. Apr. 16, 2013) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Where subject matter jurisdiction is lacking, "dismissal is mandatory." *Banks-Gervais*, 2013 WL 1694870, at *2.

## DISCUSSION

"Congress has vested United States consulate officers with the exclusive power to issue or deny visas." *Yu Chu Hom v. Goldbeck*, No. 08-CV-3159, 2010 WL 2265054, at *2 (E.D.N.Y. May 28, 2010) (citing 8 U.S.C. §§ 1101(a)(9), (16); 8 U.S.C. § 1201(a)). "[I]t is well-settled that visa application determinations by a consular officer are final, subject to the consular officer's own discretion to reopen the matter." *Salem v. Mukasey*, 683 F. Supp. 2d 289, 290 (W.D.N.Y. 2010) (citing 22

C.F.R. § 42.81). As such, this court has neither the authority to grant a permanent resident visa to plaintiff's wife nor the jurisdiction to review the consular officer's denial of her permanent resident visa. *See Wan Shih Hsieh v. Kiley,* 569 F.2d 1179, 1181 (2d Cir. 1978) ("It is settled that the judiciary will not interfere with the visa-issuing process.").

Indeed, the "doctrine of consular nonreviewability provides that courts do not have jurisdiction to review decisions made by consular officers regarding the grant or denial of visas." *Gogilashvili v. Holder*, No. 11-CV-1502, 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012) (citing *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009)); *Yu Chu Hom*, 2010 WL 226054, at *2 ("The consular non-reviewability doctrine refers to the principle that a consular officer's decision to deny a visa is immune from judicial review." (internal quotation marks omitted)). "Th[is] doctrine bars lawsuits by aliens and their [United States] citizen sponsors challenging a consular official's denial of a visa." *Yu Chu Hom*, 2010 WL 226054, at *2 (citing *Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006)). Moreover, "[t]he reach of the consular non-reviewability doctrine is broad, precluding judicial review of a consular decision, even if its foundation was erroneous, arbitrary, or contrary to agency

4

regulations." *Id.* (citing *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 466-67 (S.D.N.Y. 2008)); *see also Jiang v. Clinton*, No. 08-CV-4477, 2011 WL 5983353, at *4 (E.D.N.Y. Nov. 28, 2011).

Accordingly, to the extent that plaintiff requests the court to review the consular officer's denial of his wife's visa, the Complaint must be dismissed for lack of subject matter jurisdiction. *See Morales v. Goldbeck*, No. 12-CV-2350, 2013 WL 937825, at *3 (E.D.N.Y. March 11, 2013) ("[D]istrict courts have no jurisdiction to review a consular official's decision to deny a visa to a foreign national."); *Yu Chu Hom*, 2010 WL 2265054, at *3 ("The Court does not have subject matter jurisdiction to review . . . claims regarding the . . . Consulate's visa denial.").

## CONCLUSION

For the foregoing reasons, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although the court would ordinarily afford plaintiff an opportunity to amend his Complaint, *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), "it need not afford that opportunity, where, as here, it is clear from the face of the [C]omplaint that the court does not have subject matter jurisdiction," *Bank-Gervais*, 2013 WL 1694870, at *3.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to enter judgment in favor defendants and to close this case. The Clerk of the Court is further directed to serve a copy of this Order, the judgment, and an appeals packet on plaintiff and to note service of the same on the docket.

**SO ORDERED.**

**Dated**:   July 15, 2013
             Brooklyn, New York

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York